REQUESTED BY: David Heineman Nebraska State Treasurer
This is the second opinion request you have presented to us with respect to 1999 Neb. Laws LB 637, a legislative bill dealing with the statewide collection and disbursement of child support order payments. In Op. Att'y Gen. No. 99052 (December 8, 1999), we concluded that you could not establish a new centralized collection and disbursement system for child support payments in your office without an increase in your appropriation authority by the Legislature. You now state that you are discussing arrangements for such a centralized child support collection system in your office with the Department of Health and Human Services, and in connection with that process, you ask whether there are "any legal impediments relative to the State Treasurer performing the functions necessary to operate a centralized receipt and disbursement system for child support payments?"
In the context of opinion requests from members of the Legislature, we have frequently stated in the past that a general question on the constitutionality of proposed legislation will necessarily result in a general response from this office. Op. Att'y Gen. No. 98040 (September 11, 1998); Op. Att'y Gen. No. 94023 (March 23, 1994). In a similar fashion, your general question involving any legal problems with the performance of a child support receipt and disbursement function by your office will result in a general response from us, absent any indication as to what specific legal problems might be at issue.
It seems to us that there are two potential legal problems with the performance of a child support receipt and disbursement function by your office. The first of those problems involves your statutory authority to engage in such a task.
As a general rule, state officers, boards and agencies have such powers as are delegated to them by express constitutional and statutory provisions, or as may be implied from the nature of particular duties imposed upon them. 81A C.J.S. States § 120. In that regard, we have also previously indicated to you that you have certain core functions and inherent constitutional authority which cannot be removed by legislative enactment, including the duty to receive and keep all money of the State not expressly required to be received and kept by some other officer, and the custody of the monies of the State. Op. Att'y Gen. No. 98006 (January 21, 1998). Executive officers generally have no powers beyond those granted by express provision or necessary implication. 81A C.J.S. States § 120.
LB 637 authorizes the Department of Health and Human Services to designate a public or private entity or a "state officer" to perform child support collection and disbursement services, and we believe that it is possible to argue, based upon that language, that you have the statutory authority to carry out those particular duties. 1999 Neb. Laws LB 637, § 2. On the other hand, we have reviewed the statutes which specifically pertain to your duties, and we have found no provisions there which specifically authorize you to collect and disburse child support payments on a statewide basis. Such duties also do not appear to involve your core functions pertaining to receiving and keeping monies of the State, since the funds at issue represent child support payments due individual litigants rather than public funds. Consequently, we believe that your current authority to engage in a statewide child support collection and disbursement function might be questioned. That legal problem can obviously be remedied by appropriate legislation.
The second potential legal problem with the performance of a child support receipt and disbursement function by your office involves the State's appropriation process. As we noted in Opinion No. 99052, no monies can be withdrawn from the Nebraska State Treasury except as pursuant to a specific appropriation. Therefore, to the extent that you would collect child support payments as a part of a child support receipt and disbursement function and then place those funds in the State Treasury, an appropriation would be necessary to later pay those funds out of the State Treasury to specific individual recipients. We are not aware of any specific appropriation to your office for those purposes. Again, this problem could be remedied by legislative creation of a specific fund for the child support payments you are to receive, and legislative appropriation of that fund's monies for the payment of child support claimants.
Apart from the various matters discussed above, we are unaware of any additional legal impediments to the performance of a child support receipt and disbursement function by your office.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stemberg
Attorney General